**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| Winder A. Nunez Marquez,<br><br>Plaintiff,<br><br>-against-<br><br>Safety Holdings, Inc. a/k/a Samba,<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Winder A. Nunez Marquez, by and through counsel, and as for this Complaint against Defendant Safety Holdings, Inc. a/k/a Samba ("Safety Holdings" or "Bureau"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., the Fair Credit Reporting Act ("FCRA").

2. Safety Holdings disbursed such consumer reports (also known as "background reports") about Plaintiff to third parties under a contract for monetary compensation with incorrect reporting of an expired or non-existent driver's license for Plaintiff.

3. The record was false.

4. Plaintiff's license was not expired and is still valid.

5. Due to Defendant's actions, Plaintiff was denied employment.

**<u>JURISDICTION AND VENUE</u>**

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), as a Defendant is located in this State and is subject to the court's personal jurisdiction with respect to this action.

## PARTIES

8. Plaintiff is a resident of the State of Tennessee.

9. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

10. Defendant Safety Holdings is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Safety Holdings has an address for service at 1209 N Orange St, Wilmington, DE 19801.

12. Safety Holdings is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

13. At all times material hereto, Safety Holdings disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the above allegations as if set forth here.

15. Sometime prior to the events below, Plaintiff was employed by non-Defendant Uber ("Employer").

16. Plaintiff was deactivated from Employer's platform.

17. In or about April 2025, Employer received a background check report from Defendant claiming that Plaintiff was convicted for "expired/no license"("Report").

18. The Report contained false information about Plaintiff.

19. Plaintiff has never had an expired license.

20. His driver's license has always been valid.

21. However, the Report shows "Expired/No License" in Rutherford County.

22. These inaccuracies made it appear as if Plaintiff was unable to drive for Uber.

23. Just to confirm this, on or about April 2025, Plaintiff communicated with the Rutherford County Court.

24. The Rutherford County Court was unable to locate the case that the Report was showing.

25. Plaintiff disputed these inaccuracies a number of times with Defendant from April – September 2025 (each a "Dispute" and collectively "Disputes").

26. Defendant failed to reasonably investigate Plaintiff's dispute and failed to fix the inaccuracy.

27. Defendant even confirmed it did NOT re-run Plaintiff's MVR (Motor Vehicle Record).

28. Employer deactivated Plaintiff's account and therefor his ability to be employed by Employer.

29. Employer did so due to the erroneous information contained in the Report.

30. On information and belief, on date(s) better known to the Bureau, it issued background reports concerning the Plaintiff that had incorrect employment information.

31. The information reported by Safety Holdings was inaccurate.

32. Plaintiff's Uber account was deactivated due to Safety Holdings' background report.

33. Despite the fact that Plaintiff confirmed that there is no record of any expiration of documents that was showing in the Report by Defendant.

34. The information furnished by Defendant Safety Holdings was inaccurate.

35. Safety Holdings reported this inaccurate information through the issuance of false and inaccurate background information and reports that it has disseminated to various persons and employers, both known and unknown.

36. A reasonable investigation by the Bureau would have revealed that the information was inaccurate.

37. A reasonable investigation by Defendant would have revealed that the information is being incorrectly reported.

38. Despite the dispute(s) by the Plaintiff that the information on his consumer report was inaccurate with respect, Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the information was inaccurate.

39. The Bureau violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation and failing to delete or correct the disputed information within 30 days of receiving Plaintiff's Dispute(s).

40. The Bureau violated 15 U.S.C. § 1681i by failing to provide notice of the Dispute(s) to furnisher of the information ("Furnisher") or, in the alternative, if the Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

41. The Bureau violated 15 U.S.C. § 1681e by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

42. Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to third parties, persons, and entities.

43. The Bureau's reporting of the above-referenced information continued to be inaccurate and materially misleading.

44. The Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

45. Defendant knew or had reason to know the information was inaccurate.

46. Defendant was in possession of the documentation of the inaccuracies as provided by Plaintiff yet persisted in reporting it anyway.

47. Upon information and belief, the Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute.

48. Defendant did not initiate contact with Plaintiff during their investigation of Plaintiff's Dispute(s).

49. On information and belief, on a date better known to the Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information.

50. The information published by the Bureau improperly, falsely, and inaccurately characterizes Plaintiff's driving license.

51. The Bureau reported this improper and inaccurate information through the issuance of false and inaccurate information and consumer reports that they disseminated to various persons and entities, both known and unknown.

52. Had the Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report, the negative information would not have appeared on Plaintiff's report.

53. The Bureau's reporting of the above-referenced information continues to be inaccurate and materially misleading.

Additional Damages

54. As a result of Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

55. Due to Defendant's inaccurate reporting as described above, Plaintiff was denied employment with Uber.

56. Defendant's erroneous reporting also affected and continues to affect Plaintiff's reputation.

57. Plaintiff suffered damage to his reputation as it falsely appears as if was driving without a valid license.

58. Plaintiff suffered damage to his reputation as it falsely appears as if he lied about his license.

59. This falsity was published to one or more third parties.

60. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

61. Due to his inability to work for Uber, Plaintiff has had to obtain two more employments in the gig economy to make ends meet.

62. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendant's willful and negligent actions, loss of employment, reputational harm, a chilling effect on applications for employment, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment denial and having others see the false information.

63. Plaintiff was severely distressed by the ordeal he was put through by Defendant.

64. Due to Defendant's actions, Plaintiff had difficulty with sleep and suffered anxiety and stress.

65. Plaintiff had no choice but to initiate this action.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C. § 1681e(b))**

66. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

67. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

68. Specifically, the Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report, also known as a background report, and its files that the Bureau maintained or furnished concerning the Plaintiff.

69. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed information within 30 days of receiving Plaintiff's Dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's file.

70. Alternatively, upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

71. 15 U.S.C. § 1681k (a)(2) requires the Bureau to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

72. The Bureau violated15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures

designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

73. The Bureau had actual notice that the information it provided was likely to have an adverse effect on Plaintiff's ability to obtain employment, as the information was used for background reports of Plaintiff.

74. The Bureau has willfully and recklessly failed to comply with the Act.

75. In the alternative, the Bureau has negligently failed to comply with the Act.

76. The failure of the Bureau to comply with the Act includes but is not necessarily limited to the following:

a. The failure to establish reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

c. The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by the Plaintiff;

d. The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

e. The continual placement of inaccurate information into the report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation that the information was inaccurate;

f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had confirmed it should be deleted;

g. The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the consumer report of the consumer; and

h. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

77. As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

78. The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

79. Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

80. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## **DEMAND FOR TRIAL BY JURY**

81. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief as this Court may deem just and proper.

Dated: January 28, 2026


**Stein Saks, PLLC**

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*